IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IMANUEL BASSIL ALI   BS-0997, )<br>    Plaintiff, )<br> )<br>        v.   )<br> )<br>C.O. SUCHOCKI, et al., )<br>    Defendants. ) | Civil Action No. 05-1697 |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the defendants' Motion for Summary Judgment (Docket No.62) be granted and that judgment be entered accordingly.

II. Report:

Presently before the Court for disposition is the defendants' Motion for Summary Judgment.

Imanuel Bassil Ali, an inmate at the State Correctional Institution at Greene has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis. In his complaint, Ali contends that commencing around April or June 2002 and continuing through the execution of his complaint defendants Suchocki, Rambler, Lafferty, Doyle, Smith, Hackett, Goodman, Walter, Ferro, Bilonick, Gray, Lancaster, Michaelucci, Englehardt, Anderson and Fauvie served his food tray, which was clearly distinguishable from the tray served to other inmates, in a discriminating, harassing and life threatening manner; that defendants Barclay, Plavko and Bolin failed to stop those incidents or report them to their superiors; that defendants

Brooks, Lipscomb, Esmund, Leggett, Conner, Ham, Lantz as supervisors failed to stop this conduct; that defendants Harris, Miller, Mistrik, Warman, Capozza, Monik, Mears, Jackson, Ivan, Folino, Martin and Balestrieri failed to stop this conduct all in retaliation for the plaintiff's prior litigation and that defendants Stickman, Davis, Sharon and D'Eletto discriminatorily rejected Ali's grievances and falsified documents relating thereto. These allegations are said to state a claim under the provisions of 42 U.S.C. 1983, and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. The forty-three defendants now move for summary judgment.

Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matter raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. Orsetti v. New Jersey, 71 F.3d 480 (3d Cir.1995).

Movants first contention is that they are entitled to judgment as a matter of law as a result of the plaintiff's failure to exhaust the available administrative remedies. The Prison Litigation Reform Act provides in 42 U.S.C. § 1997(e)(a) that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See: Santana v. United States, 98 F.3d 752 (3d Cir. 1996). Pennsylvania provides such a mechanism.[1] This requirement also has a procedural default component. Spruill v. Gillis,

---

[1] See: Administrative Directive 804.

372 F.3d 218 (3d Cir.2004).

In support of their contention, the defendants have provided a copy of the plaintiff's June 13, 2006 deposition.[2] In his deposition, Ali states that he filed eight inmate grievances, Nos. 27547, 31580, 59543, 62597, 74823, 78198, 115857 and 121278; that as a general rule he does not appeal the denial of his grievances because of futility (p.14); that he had no independent recollection of pursuing the administrative exhaustion process (pp.15, 20-21), but that he did exhaust the grievance process as to Nos. 121278 and 115857 (pp.28-29). This comports with the verification of Kristen Reisinger who is an Assistant Chief Grievance Coordinator for the Commonwealth.[3] Since the plaintiff, by his own admission, has failed to exhaust the administrative on all but two of his grievances, those incidents are subject to dismissal here.

In grievance 115857, the plaintiff contended that on April 5, 2005 his package of pop tarts had already been opened.[4] This claim was summarily dismissed as frivolous. In grievance 121278, Ali alleges that after eating dinner on June 6, 2005, and as a result of tampering with his food, he developed a headache and nausea.[5] Although the plaintiff was treated by medical personnel that evening for muscular pain, he did not relate any complaint regarding a headache or nausea to them and accordingly this grievance was also dismissed as frivolous.[6]

Section 1983 liability attaches to acts which shock the conscience. <u>Nicini v. Morra</u>,

---

[2] See: Exhibit A to the motion.

[3] See: Exhibit B to the motion.

[4] See: Exhibit C to the motion.

[5] Id.

[6] Id.

212 F3d. 798 (3d Cir.2000). The incidents about which the plaintiff complains, that is the alleged tampering with his pop tarts, and food poisoning clearly do not rise to this level. If in fact, the food poisoning occurred, it is beyond credence that the plaintiff would have failed to raise it with medical personnel immediately following the incident. Thus, because the incidents in which the plaintiff has exhausted his administrative remedies do not as a matter of law amount to constitutional deprivations, and there do not exist material issues of fact in dispute, summary judgment should be granted to the movants.

The movants also contend that summary judgment is appropriate on the grounds that many of the defendants named in the complaint did not participate in the events about which the plaintiff complains. In a §1983 action, liability cannot be imposed upon a theory of respondeat superior. C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198 (3d Cir.2000) cert. denied 533 U.S. 915 (2001). A supervisor may only be personally liable if he/she participated in the events complained of or acquiesced in their commission. A.M. v. Luzerne, 372 F.3d 572 (3d Cir.2004). Since the plaintiff makes vague affirmative allegations only against defendants Suchocki, Rambler, Lafferty, Doyle, Smith, Hackett, Goodman, Walter, Ferro, Bilonick, Gray, Lancaster, Michaelucci, Englehardt, Anderson, Fauvie, Stickman, Davis, Sharon and D'Eletto, summary judgment is also appropriate for the other defendants.

The plaintiff also makes bald allegations that these actions were taken in retaliation for his previous litigation in 2002. While retaliation for exercising constitutionally protected rights is actionable, Rauser v. Horn, 241 F.3d 330 (3d Cir.2001), such actions do not become actionable unless they are "sufficient to deter a person of ordinary firmness" from exercising those protected rights. Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir.2000). The record of the plaintiff's ligation

clearly demonstrate that he was in no way deterred. The records demonstrate that since that 2002 filing the plaintiff has filed three civil actions in this Court excluding the present filing.[7] Clearly, despite the alleged retaliation, the plaintiff has not been deterred in litigating against prison authorities, and this claim is meritless.

In <u>Hudson v. McMillan</u>, 503 U.S. 1 (1992), the Court stated that "extreme deprivations" are required to set forth a viable claim. Here, the plaintiff does not contend that he was denied food, but rather complains in the manner in which it was served. Thus, he fails to set forth an Eighth Amendment claim. There is nothing in the record demonstrating that he was denied food, that the food was adulterated; that he was denied medication or that he was retaliated against. Thus, he has failed to state a claim.

Finally, the defendants contend they are entitled to qualified immunity. A defendant is entitled to qualified immunity in instances where a constitutional violation has occurred and where the rights allegedly violated were clearly established at the time of the violation. <u>Carswell v. Homestead</u>, 381 F.3d 235 (3d Cir.2004) cert. denied 126 S.Ct. 236 (2005). In the instant case, as previously noted, no constitutional violations had occurred, and thus the defendants would be entitled to the defense.

In opposition to the motion the plaintiff has submitted a rambling document which essentially reiterates the allegations of his complaint, and attempts to establish that despite administrative protests to the contrary, he did sign his inmate grievances.[8] However, even a cursory examination of those documents demonstrates that although the plaintiff submitted some

---

[7] See: C.A. 03-516, 05-1697 and 06-96.

[8] See: Docket No. 67.

grievances in his committed name, Emanuel Lester, he persisted in signing them Imanuel Ali, and therefore they were properly rejected as not having been signed by the inmate. Thus, there is nothing of record which materially contradicts the evidence presented by the movants.

Because there are no material issues of fact in dispute, and because the defendants are entitled to judgment as a matter of law, it is respectfully recommended that their motion for summary judgment be granted.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                   Respectfully submitted,

                                                   s/Robert C. Mitchell,
Entered: October 30, 2006                      United States Magistrate Judge